**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| REINA LOPEZ, ) | |
| ) | Case No. 19-cv-485 |
| Plaintiff, ) | |
| ) | Judge Robert M. Dow, Jr. |
| v. ) | |
| ) | |
| WALGREENS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Reina Lopez ("Plaintiff") brings this *pro se* action against "Walgreens" (presumably, Walgreen Co., "Defendant"). Currently before the Court are Plaintiff's application for leave to proceed in forma pauperis ("IFP") [5] and motion for attorney representation [6]. For the reasons explained below, Plaintiff's IFP application [5] is granted and the filing fee is waived. However, summons shall not issue at this time. Plaintiff's complaint is dismissed for failure to state a claim. Plaintiff is given until March 5, 2019 to file an amended complaint, to the extent she can do so consistent with this opinion. Plaintiff's motion for attorney representation [6] is denied without prejudice.

## STATEMENT

Plaintiff has filed an application to proceed *in forma pauperis* [5]. The federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to pursue a case in federal court without fees and costs provided that the litigant submits an affidavit which asserts an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In order to proceed *in forma pauperis*, "a plaintiff's income must be at or near the poverty level." *Bulls v. Marsh*, 1989 WL 51170, at *1 (N.D. Ill. May 5, 1989); see also *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). To measure poverty level, many judges in this district use the poverty guidelines promulgated by the United States Department of Health and Human Services (available at https://aspe.hhs.gov/poverty-guidelines). The 2018 guidelines for the 48 contiguous states and the District of Columbia set the poverty level for a household of three at $ 20,780. The Court relies on the financial affidavit filed along with the *in forma pauperis* motion to assess a party's claim to indigency. Plaintiff's affidavit indicates that she does not have the financial resources to pay the filing fee. Therefore, her application to proceed *in forma pauperis* [5] is granted and the filing fee is waived.

The Court next screens Plaintiff's complaint. The Court has authority to "screen all complaints accompanied by an IFP request for failure to state a claim, among other things." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013); see also *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). A complaint must include "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, the Court construes the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The Court also "accept[s] all well-pleaded facts as true and draw[s] reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff uses the Court's form "Complaint of Employment Discrimination" to bring suit against her former employer, Defendant, for failure to reasonably accommodate her disabilities in violation of the Americans with Disabilities Act ("ADA") and "fail[ure] to protect Human Rights." [1] at 4. In the complaint, Plaintiff alleges that she has an unspecified brain injury. See [1] at 8. In July or August 2017, while Plaintiff was employed by Defendant as a cashier in its Champaign, Illinois store, she began experiencing bad headaches. She sought medical treatment, but none of the medications that were prescribed to her were effective. She then went to a chiropractor and had her neck adjusted. This caused her to have bad neck pain. She went to the emergency room and was given a CT scan with contrast. Plaintiff experienced a side effect from the CT contrast medium, a movement disorder called "Akathisia," which caused her to feel anxious and depressed and like she needed to move around all of the time. As a result, Plaintiff also began to make mistakes at work.

The complaint alleges that after she began making mistakes at work, unspecified individuals in the store where she worked, seeking to embarrass and harass her, "made a video saying I'm a criminal and bad person" and "sent it to the [the] whole nation." [1] at 7; see also *id*. at 18 (Charge of Discrimination). After this, the complaint alleges, "people around me reacted to look scare[d] [of] me, and/or laugh[ed] at me," her "friends and people [she did not] know did not talk to [her] anymore," and she "was harassed by all the people in the United States." *Id.* at 7. Plaintiff is no longer employed by Defendant, although there is no indication from the complaint that she was terminated. Plaintiff subsequently moved to Japan, where she currently resides. In her demand for relief, Plaintiff asks the Court to order Defendant to "tell all the truth to whole nation that was harassment and public humiliation" and to grant her "appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees." *Id.* at 5-6.

Plaintiff's complaint, as currently plead, does not allege a plausible claim for violation of the ADA. The complaint is based on Defendant's alleged creation and distribution of a video intended to humiliate and harass Plaintiff. However, Plaintiff does not identify who made the video, the contents of the alleged video, or how the video was distributed. Without more information, Plaintiff's allegation that an embarrassing and harassing video about her was distributed to the whole nation and caused all the people of the United States to harass her is simply

2

not plausible.  Therefore, Plaintiff's complaint is dismissed without prejudice.  Plaintiff shall have until March 5, 2019 to file an amended complaint to the extent she can do so consistent with this opinion.  In the amended complaint, Plaintiff should: (1) identify the person or persons who made the alleged video; (2) describe the contents of the video; (3) explain how the video was distributed (e.g. email, Facebook, YouTube, etc.); (4) identify the person or persons who received and viewed the video; and (5) explain how these individuals treated Plaintiff as a result of viewing the video.

Finally, Plaintiff's motion for attorney representation [6] is denied at this time.  Although "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1).  In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on her own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc).  This analysis does not focus solely on the plaintiff's ability to try the case, but on his ability to gather evidence and prepare and respond to motions.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).  Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); (2) plaintiff's submissions and pleadings, *Olson*, 750 F.3d at 712; (3) medical and mental health issues, *id.*; (4) plaintiff's capabilities, including intelligence (IQ), literacy, degree of education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; and (5) the complexity of the case, *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010); *Pruitt*, 503F.3d at 655-56.

After considering the above-listed factors, the Court concludes that solicitation of counsel for Plaintiff is not warranted at this time.  Plaintiff's motion indicates that she has tried but been unsuccessful in hiring counsel.  Nonetheless, this case is still in its infancy and Plaintiff has not yet provided the Court with a comprehensible explanation of what Defendant has done to violate her rights under the ADA.  Plaintiff is a college graduate and the Court expects that she will be able to provide more details on the alleged harassment she has experienced.  Further, Plaintiff's current residency in Japan could make it difficult for appointed counsel to communicate with her and represent her effectively.  The Court will reconsider this ruling once Plaintiff has filed an amended complaint.  At that point, the Court will be better able to assess the complexity of the case and Plaintiff's need for attorney assistance.

## **CONCLUSION**

For these reasons, Plaintiff's IFP application [5] is granted and the filing fee is waived.  However, summons shall not issue at this time.  Plaintiff's complaint is dismissed for failure to state a claim.  Plaintiff is given until March 5, 2019 to file an amended complaint, to the extent she can do so consistent with this opinion.  Plaintiff's motion for attorney representation [6] is denied without prejudice.

Dated: February 5, 2019

_____
Robert M. Dow, Jr.
United States District Judge